FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 27, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RHONDA P., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY,[1] <br><br> Defendant. | No. 1:20-cv-03184-SMJ <br><br> **ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT** |

Before the Court are the parties' cross-motions for summary judgment. ECF No. 15, 16. Attorney D. James Tree represents Rhonda P. ("Plaintiff"); Special Assistant United States Attorney Jeffrey Staples represents the Commissioner of Social Security ("Defendant"). After reviewing the administrative record and the briefs filed by the parties, the Court grants in part Plaintiff's Motion for Summary Judgment, denies Defendant's Motion for Summary Judgment, and remands the

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 1

matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on May 25, 2017, alleging disability since January 1, 2016, due to schizophrenia, PTSD, anxiety/panic attacks, bipolar disorder, tachycardia, sleep arousal disorder, asthma, restless leg syndrome, Hepatitis C, torticollis, and epilepsy. Tr. 82-83. The application was denied initially and upon reconsideration. Tr. 111-14, 120-26. An Administrative Law Judge (ALJ) held a hearing on January 16, 2020, Tr. 32-52, and issued an unfavorable decision on March 4, 2020. Tr. 15-27. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on September 1, 2020. Tr. 1-5. The ALJ's March 2020 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 30, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1971 and was 45 years old when she filed her application. Tr. 25. She has a minimal education and has worked as a receptionist and merchandise displayer. Tr. 47, 355, 612. She initially started having seizures during childhood for a period, then began having them again following a head injury

in her twenties. Tr. 604-05, 1023-24. She has also struggled with her mental health, including hearing voices and having symptoms of PTSD from childhood trauma. Tr. 611-12. The intensity and frequency of her seizure activity and auditory hallucinations have varied, but she has reported they are linked to her stress levels. Tr. 39, 394, 453, 463, 613-14, 781, 992, 1025-26.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or

if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 4

# ADMINISTRATIVE FINDINGS

On March 4, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-27.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: post-traumatic stress disorder (PTSD); personality disorder; depressive disorder; migraines; and seizure disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a range of light work, with the following limitations:

> The claimant can perform simple, routine tasks with superficial social interactions. The claimant cannot work around hazards, including dangerous heights or dangerous machinery. The claimant cannot climb ladders, ropes, or scaffolds. The claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl. The claimant can have no concentrated exposure to temperature extremes or respiratory irritants.

Tr. 20.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a receptionist or merchandise displayer. Tr. 25.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 5

At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of production assembler, marker, and cleaner housekeeping. Tr. 25-27.

The ALJ thus concluded Plaintiff was not disabled within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 27.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the Commissioner erred by (1) finding Plaintiff's seizure disorder did not meet or equal Listing 11.02; (2) improperly rejecting the medical opinions; and (3) improperly rejecting Plaintiff's symptom testimony.

## DISCUSSION

1. **Medical Opinions**

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence. ECF No. 15 at 8-17. For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 6

regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

> Supportability and consistency are further explained in the regulations:
>
> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 7

>medical opinions or prior administrative medical finding(s) will be.
>
>(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c). Additionally, the Ninth Circuit has held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

### a. Dr. Simpson

Plaintiff attended a consultative psychological exam with Dr. Annabeth Simpson in August 2017. Tr. 611-15. Dr. Simpson diagnosed Plaintiff with PTSD and stimulant use disorder in early remission, noting her condition was treatable and the likelihood of recovery was fairly positive. Tr. 64-15. Dr. Simpson opined Plaintiff would not have difficulty with simple and repetitive or detailed and complex tasks, accepting instructions from supervisors, or interacting with others, but would have difficulty performing activities on a consistent basis, maintaining regular attendance, completing a normal workday/workweek without interruptions from psychiatric symptoms, and dealing with the usual stress encountered in the workplace. Tr. 615.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 8

The ALJ found this opinion was not persuasive, noting Plaintiff was limited to simple routine tasks in light of isolated incidents of diminished attention, and finding that the opined limit on maintaining attendance was poorly supported based on evidence throughout the record of Plaintiff being able to attend appointments and being properly oriented. Tr. 22.

Plaintiff argues the ALJ failed to offer any reasons for rejecting the opinion, and simply stated his conclusion, and his assessment that Plaintiff was able to attend appointments was incorrect, based on evidence of numerous missed appointments. ECF No. 15 at 14-15. She further argues that even if she had attended all appointment, the short and infrequent nature of medical appointments is not comparable to being able to attend work on a full-time basis. *Id.* at 15-16. Defendant argues the ALJ rationale was reasonable, and that Dr. Simpson failed to support her assessed limitations with any reference to her clinical interview. ECF No. 16 at 14-15.

The Court finds the ALJ's analysis is insufficient. The only rationale the ALJ provided for the persuasiveness of Dr. Simpson's opinion was that it was poorly supported by evidence of Plaintiff's ability to attend appointments and be fully oriented throughout the relevant period. Tr. 22. The record does not support the ALJ's conclusion. There were numerous times when Plaintiff missed appointments, throughout the relevant period. Tr. 424, 430-32, 434, 708, 799, 874, 877, 988, 1365,

1371-72, 1375. Being oriented to her surroundings is not inconsistent with Dr. Simpson's opinion that Plaintiff would experience limitations due to her anxiety, flashbacks, hypervigilance, and auditory hallucinations. Tr. 615. As such, the Court finds the ALJ failed to adequately discuss the factors of consistency and supportability in a manner supported by substantial evidence. On remand the ALJ will reconsider Dr. Simpson's opinion.

   b. **LCSW Mondragon**

Plaintiff's treating counselor, Gabriela Mondragon, completed a DSHS WorkFirst form documenting Plaintiff's disability condition. Tr. 982-94. She noted diagnoses of PTSD, bipolar disorder, and amphetamine use. Tr. 982. She opined Plaintiff was limited to 11-20 hours of participation in work-related activities per week, noting Plaintiff had trouble managing her moods, had difficulty staying on track with schedules and following through with instructions, and could be easily triggered with panic attacks and anxiety. *Id.* Ms. Mondragon further noted Plaintiff's mental health symptoms could exacerbate troubles with concentration, interacting with the public, and completing tasks as directed. *Id.*

The ALJ found this opinion was not persuasive, noting it was vague with no elaboration on the degree to which Plaintiff's functioning was impaired. Tr. 24. The ALJ further found the opinion generally inconsistent with Dr. Simpson's examination of Plaintiff. *Id.*

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 10

1    Plaintiff argues the entire opinion is not vague, as Ms. Mondragon
2 specifically said Plaintiff could only work for 11-20 hours per week. Plaintiff
3 further asserts that inconsistency with a single one-time consultative exam is an
4 insufficient reason to discount the opinion of a treating provider, particularly for an
5 individual who is bipolar. ECF No. 15 at 16-17. Plaintiff points to other records
6 showing objective findings supportive of Ms. Mondragon's opinion. *Id.* Defendant
7 argues the ALJ reasonably found the opinion vague, and thus lacking in
8 supportability and adequacy of explanation for the assessed limits, and inconsistent
9 with the cited mental status exam. ECF No. 16 at 15-16.

10    The Court finds the ALJ's discussion is not supported by substantial
11 evidence. The opinion is not vague as to how many hours Plaintiff is capable of
12 working, and the discussion regarding the various difficulties she would have serves
13 as an explanation for the limited hours. Tr. 982. The ALJ's discussion of the opinion
14 being inconsistent with "the claimant's exam" is a distortion of the record. The ALJ
15 seems to imply that Ms. Mondragon's opinion was inconsistent with a
16 contemporaneous visit; however, the ALJ cited to Exhibit 6F, Tr. 611-15, which
17 was the one-time exam with Dr. Simpson in August 2017, whose opinion the ALJ
18 found unpersuasive, as discussed above. Ms. Mondragon was Plaintiff's treating
19 counselor for many years, and her records and those from the medication prescribers
20 at the same facility contain numerous objective findings supportive of some

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 11

limitations. Tr. 400-02, 407-08, 439, 453-64, 746, 788. The ALJ's discussion is not supported by substantial evidence. On remand, the ALJ will reconsider Ms. Mondragon's opinion.

    c.    **ARNP Wheeler**

Plaintiff's primary care provider, Marybeth Wheeler, provided two statements regarding Plaintiff's limitations. In January 2018 she completed a DSHS WorkFirst form opining Plaintiff was unable to participate in any work-related activities due to seizures, which were occurring 0-3 times per day and increased with stress. Tr. 962. She noted that Plaintiff could lift, but would be limited to sedentary activities due to seizures. Tr. 963. In November 2018, Ms. Wheeler commented that Plaintiff had to lie down constantly due to migraines and that work on a regular basis would cause her to deteriorate and likely increase the frequency of her seizures. Tr. 618-19.

The ALJ found these opinions unpersuasive. He found the comment that Plaintiff needed to lay down "constantly" due to migraines to be "simply not true in light of the claimant's own reporting as she testified she only gets five to six per month," and because Plaintiff reported improvement with her medication. Tr. 24. The ALJ further found the limitation to sedentary work to be unpersuasive due to normal physical findings on exam, and that the evidence of Plaintiff's seizure activity lacked many typical characteristics of a seizure. *Id.*

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 12

Plaintiff argues the ALJ's rationale is not supported by substantial evidence and that he took facts out of context. ECF No. 15 at 10-13. Defendant argues the ALJ reasonably interpreted the opinion as unsupported by Plaintiff's testimony and inconsistent with other evidence in the record. ECF No. 16 at 12-14.

The Court finds the ALJ's discussion is not supported by substantial evidence. The record reflects Plaintiff's reports of varying frequency and intensity of her migraines. Tr. 39, 360, 1006, 1013, 1024, 1067, 1079-80, 1346. At the time Ms. Wheeler completed the report, Plaintiff was reporting constant headaches, that sometimes lessened. Tr. 1006, 1067. By the time of the hearing, over a year later, she was reporting only 5-6 per month, and testified that on those days she could not get out of bed. Tr. 39. The fact that Plaintiff's symptoms changed in the intervening year does not indicate that the opinion was "simply not true" at the time it was completed.[2]

In terms of improvement with treatment, the Court finds the ALJ failed to consider the full context of improvement. The treatment note cited by the ALJ to support finding improvement in migraines reads: "[s]ome initial improvement with your migraines noted with the start of topiramate, *but then worsened again*." Tr. 1048 (emphasis added). The ALJ failed to acknowledge that though Plaintiff's

---

[2] Furthermore, it is not clear to the Court that Ms. Wheeler meant "constant" to mean all days at all times, rather than an ongoing constant condition.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 13

migraines initially improved, they eventually worsened. Even when she reported improvement, Plaintiff never reported complete resolution of her migraines. The ALJ should have assessed whether Plaintiff's worsened migraines made it so that she frequently had to lay down.

With respect to the opinion limiting Plaintiff to sedentary work, the Court finds the ALJ's discussion of Plaintiff's normal physical exam results to be irrelevant, as Ms. Wheeler clearly stated that the limitation was due to seizures, not limits in Plaintiff's exertional capabilities. Tr. 962-63. With respect to the atypical seizure activity, the ALJ failed to explain the relevance of this evidence. The observation was made by Dr. Drenguis in July 2017 at a single consultative exam. Tr. 606. Plaintiff had ongoing treatment with neurologists who did not question the legitimacy of her seizure condition (though one did note the possibility of psychogenic nonepileptic spells), and the ALJ found her seizure disorder to be a medically determinable severe impairment. Tr. 17, 992-94, 1006-10, 1012-15, 1023-26. Therefore, the Court finds the ALJ's discussion of Ms. Wheeler's opinions to be unsupported by substantial evidence. On remand the ALJ will reconsider these opinions.

2. **Plaintiff's Subjective Statements**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 5 at 17-20.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 14

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 23. The ALJ found Plaintiff's complaints were inconsistent, noting the abnormal seizure activity described by Dr. Drenguis, and that she seemed unusually accepting of having one to two seizures per month. *Id.*

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 15

The ALJ further found Plaintiff's activities indicated a wide range of functioning, that she had unremarkable physical and mental exams, and that she reported improvement in her mental health symptoms with medication. *Id.*

Plaintiff argues the ALJ's rationale is insufficient, as the single abnormal seizure observation was not clearly a reflection of Plaintiff's reliability, the activities identified were limited, and the normal exam findings noted by the ALJ were not representative of the record as a whole. ECF No. 15 at 17-20. Defendant argues that because there was affirmative evidence of malingering in the record, the ALJ did not need to offer any other explanation for the assessment of Plaintiff's subjective complaints. Tr. 4-5.

The Court finds the ALJ did not err. A finding of malingering is sufficient to support an ALJ's rejection of a claimant's subjective reports. *See Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). Dr. Cline noted abnormal mental status exam results and administered a TOMM, which did not provide evidence of non-malingering. Tr. 354-55. This is affirmative evidence of malingering.

Plaintiff offers an alternative interpretation of the strength of this evidence. ECF No. 17 at 2-5. As this claim is being remanded on other bases, the ALJ will also reconsider the supportability of Plaintiff's reports, and Plaintiff may submit any arguments regarding the persuasiveness of Dr. Cline's opinion.

3.   **Step Three**

Plaintiff argues the ALJ erred in failing to find Plaintiff's seizure disorder met or equaled Listing 11.02A. ECF No. 15 at 6-8.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 404.1520(d).

> Listing 11.02 requires a showing of:
>
> Epilepsy, documented by a detailed description of a typical seizure and characterized by A, B, C, or D:
>
> A. Generalized tonic-clonic seizures (see 11.00H1a), occurring at least once a month for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C).
> …

20 C.F.R. Part 404, Subpart P, Appendix 1, §11.02.

The ALJ found there was "insufficient evidence to determine that the claimant has generalized tonic-clinic seizures occurring at least once a month or dyscognitive seizures occurring at least once a week under Listing 11.02." Tr. 18.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 17

Plaintiff argues that the evidence reflects listing-level frequency of seizures and that the ALJ failed to discuss the evidence or explain why it was insufficient to find Plaintiff's condition met the listing. ECF No. 15 at 6-8. Defendant argues that Plaintiff points only to her own statements to establish the requisite frequency of her seizures, ignoring the fact that the ALJ found Plaintiff's statements were not fully reliable. ECF No. 16 at 2-4.

As the claim is being remanded for reconsideration of other evidence, the ALJ shall also be required to make specific findings regarding each of the steps in the sequential evaluation process.[3]

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects.

---

[3] While the Court notes the ALJ did not err in discounting Plaintiff's allegations, due to the presence of evidence of malingering, it is not clear that the finding of malingering applied to all of Plaintiff's symptom allegations, as Dr. Cline found malingering was "possibly partial." Tr. 356.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 18

*Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary and remand for payment of benefits is inappropriate here.

In sum, the ALJ's decision is not supported by substantial evidence and the Court will remand for further proceedings. On remand, the ALJ shall reevaluate Plaintiff's the medical evidence of record, making findings on each of the five steps of the sequential evaluation process, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion within thirty (30) days of this Order.

5. The Clerk's Office shall enter **JUDGMENT** for Plaintiff and **CLOSE** this file.

//

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 19

//

**IT IS SO ORDERED.** The Clerk's Office shall enter this Order and provide copies to all counsel.

DATED this 27th day of July 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 20